UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2554** |
| **TENSAS DETENTION CENTER** | **SECTION "G"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

### *Procedural history*

Petitioner, Dwayne Williams, is a state prisoner incarcerated in the Tensas Parish Detention Center in Waterproof, Louisiana. In August 2011, he was charged with one count of possession with intent to distribute cocaine.[1] He was found guilty as charged following a bench trial on October 4, 2012.[2] He was sentenced to twenty (20) years imprisonment on

---

[1] State Rec., Vol. 2 of 5, Bill of Information.

[2] State Rec., Vol. 3 of 5, Trial transcript, p. 231.

October 26, 2012.[3] His conviction and sentence were upheld on direct appeal by the Louisiana Fifth Circuit and the Louisiana Supreme Court.[4]

While appellate proceedings were pending, on June 10, 2013, the State charged Williams as a second felony offender. He entered a plea of not guilty and moved to quash the multiple bill based on alleged infirmities in his predicate conviction. By letter to the Court in November 2013, he sought unsuccessfully to amend his sentence.[5] On January 6, 2014, the trial court denied Williams' motion to quash the multiple bill and adjudicated him a second felony offender, vacating his original sentence and sentencing him to fifteen (15) years imprisonment without benefit of probation or suspension of sentence.[6]

Williams timely appealed the enhanced sentence. He raised only one assigned error, challenging his multiple offender adjudication on the basis that his predicate conviction by guilty plea was constitutionally infirm because he was not advised of his rights to the presumption of innocence and to call witnesses at trial. The Louisiana Fifth Circuit rejected the argument and affirmed his adjudication and sentence as a multiple offender on August 28,

---

[3] *Id.*, Transcript of sentencing; *see also* State Rec., Vol. 1 of 5, Minute entry of October 26, 2012.

[4] *State v. Williams*, 13-170 (La. App. 5th Cir. 9/18/13), 125 So.3d 1195, *writ denied* 2013-2691 (La. 7/31/14), 146 So.3d 545.

[5] State Rec., Vol. 1 of 5, Trial court order denying request signed January 13, 2014.

[6] State Rec., Vol. 4 of 5, Transcript of multiple offender hearing held January 6, 2014, pp. 17-18.

2014.[7] Williams did not appeal the ruling to the Louisiana Supreme Court.

On October 16, 2014, Williams filed his federal application for *habeas corpus* relief raising one ground for relief.[8] He claims that the trial court erroneously denied his motion to quash the multiple bill of information given the deficiencies in the predicate guilty plea conviction. The State filed a response conceding that the federal application is timely. However, the State argues that Williams has failed to exhaust his remedies in the state courts and that his sole claim is procedurally defaulted.[9]

### *Exhaustion and procedural default*

A petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

---

[7] *State v. Williams*, 14-129 (La. App. 5th Cir. 8/28/14), 151 So.3d 76.

[8] Rec. Doc. No. 1, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Williams verified that he placed the petition in the mail on October 16, 2014.

[9] Rec. Doc. No. 14, pp. 4-5.

State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177–79, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275–78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001).

Failure to exhaust may result in procedural default where a petitioner is barred from seeking further relief in state court. That is, if a petitioner "fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred," then the claim is deemed procedurally defaulted. *Nobles v. Johnson*, 127 F.3d at 420 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

To have exhausted his claims in state court, Williams had to fairly present the same claims and legal theories urged in his federal *habeas* petition to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner, either on direct appeal or on post-conviction review. As detailed above, Williams appealed to the Supreme Court of Louisiana only once—from his original conviction and sentencing. He did not appeal to the

Louisiana Supreme Court after his multiple offender adjudication. Nor did Williams pursue collateral relief in any of the state courts, much less the Louisiana Supreme Court. The Louisiana Supreme Court was not presented with an opportunity to rule on the multiple offender sentencing claim. This claim is clearly unexhausted. It is also now procedurally defaulted because any new attempt to bring the claim in state court would be barred under the state's procedural rules.

     As the State observes, Williams did not seek review of the intermediate court of appeal's ruling on the multiple offender adjudication and sentencing claim to the Louisiana Supreme Court within thirty (30) days of the ruling, as required by Louisiana Supreme Court Rule X, § 5(a). Even if he could still timely pursue collateral relief, any attempt to assert the claim in a post-conviction application would be barred under Louisiana Code of Criminal Procedure article 930.3. *State ex rel. Melinie v. State*, 665 So.2d 1172 (La.1996) and *State v. Cotton*, 09–2397 (La.10/15/10), 45 So.3d 1030. In *Melinie*, the Louisiana Supreme Court, relying on Louisiana Code of Criminal Procedure article 930.3, ruled that claims of excessive sentence or errors in sentencing, which should be raised on direct appeal, were not proper grounds for post-conviction relief. In *Cotton*, the Louisiana Supreme Court explained that, under Louisiana law, "an habitual offender adjudication … constitutes sentencing for purposes of *Melinie* and La. C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." *Cotton*, 45 So.3d at 1030. The Court reiterated that

5

Louisiana law prohibits post-conviction review of habitual offender proceedings, including claims of ineffective assistance of counsel related to that proceeding. *Id.* at 1030–31. The Court specifically indicated that such claims are appropriately considered on direct appeal, citing Louisiana Code of Criminal Procedure article 912(C)(1), which provides for direct appeal of the judgment that imposes sentence. *Id.*  Thus, as the State correctly argues, Williams' claim is procedurally defaulted.

A federal *habeas* petitioner may be afforded federal review of a procedurally defaulted claim only if he demonstrates "cause" for his default and "prejudice attributed thereto," or that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 731–32); *Amos v. Scott*, 61 F.3d 333, 338–39 (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989) and *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).  Here, Williams has demonstrated neither.

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel.  *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).  Williams has made no effort to establish cause for his failure

to pursue the defaulted claim. The Court's review of the record does not support a finding that any factor external to the defense prevented him from raising the claim in a procedurally proper manner or that any action or inaction on the part of the State prevented him from doing so. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Because Williams has not satisfied the "cause and prejudice" test, this Court must determine whether the application of the procedural bar would result in a fundamental miscarriage of justice. A petitioner makes such a showing only if he establishes as a factual matter that he is "actually innocent" of the crime of conviction. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir.2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995)); *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir.), *cert. denied*, 133 S.Ct. 647, 648 (2012) (citing *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) and *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Williams has not made any showing that he is actually innocent of the underlying conviction or even with regard to the multiple bill. His claim instead addresses alleged procedural and evidentiary failings in the multiple bill proceedings and not his actual innocence. He has not demonstrated that any miscarriage of justice will result from this Court's failure to consider his defaulted claim. Accordingly, the claim is procedurally barred

7

in this federal court.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Williams' petition for issuance of a writ of *habeas corpus* under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[10]

New Orleans, Louisiana, this 9th day of July, 2015.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.